**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

COLLARS DAVIS                                                                          PLAINTIFF
ADC #115586

v.                                        1:17CV00002-BRW-JJV

D. SESSIONS, In-house
Parole Officer, ADC; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    BACKGROUND

Collars Davis ("Plaintiff") is incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 6.) Plaintiff alleges he has been granted parole and has been accepted into The Lighthouse Ministries; however, prison officials have failed to coordinate with the program.[1] (*Id.* at 4.) After careful review of the Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1]According to documents attached to the Amended Complaint, The Lighthouse is a six-month faith-based program that works directly with court and parole/probation officials to ensure its clients fulfill the requirements of their parole. (Doc. No. 6 at 7.)

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of

Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d)

frivolousness determination, frequently made *sua sponte* before the defendant has even been asked

to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*  But

whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege

specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

The only specific allegation in Plaintiff's Amended Complaint is that prison officials failed

to notify The Lighthouse of his transfer eligibility date, although he acknowledges that he did so

himself.  (Doc. No. 6 at 4.)  In his prayer for relief, Plaintiff states he has been accepted into The

Lighthouse and wants "them" to honor his acceptance letter.  (*Id.* at 5.)  However, The Lighthouse

is not a defendant in this action.  Even if it were, the documents submitted in support of Plaintiff's

Amended Complaint indicate there was another step to be completed before he could transfer to The

Lighthouse – namely, he had to report to a "Safe Harbor" affiliate facility.  (*Id.* at 7.)

Moreover, Plaintiff's allegations fail to raise a constitutional claim because he has no

protected liberty interest in parole.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442

U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be

conditionally released before the expiration of a valid sentence.").  And the relevant Arkansas parole

statutes do not create a protected liberty interest.  *See Parker v. Corrothers*, 750 F.2d 653, 657 (8th

Cir. 1984); *see also Hamilton v. Brownlee*, 237 Fed. App'x 114, 115 (8th Cir. 2007).

For these reasons, I find Plaintiff's Amended Complaint fails to state a claim to relief that is plausible on its face.  If Plaintiff has additional information that would bolster his allegations, he should provide that information in his objections to this Recommended Disposition.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Amended Complaint (Doc. No. 6) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 7th day of February, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Title 28 U.S.C. § 1915(g) provides that:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."